**In re Pedro ESTALELLA, Jr. S.S. # 152–40–7476 Elena C. Estalella S.S. # 265–73–2902 d/b/a Big Beautiful You, Debtors.**

**Bankruptcy No. 89–01920–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

June 7, 1989.

Edward J. Waldron, Coral Gables, Fla., for debtors.

Thomas Gary, Tarafa & Gary, Coral Gables, Fla., for 107th & 16th South, Ltd.

Robert L. Roth, Miami, Fla., trustee.

David D. Bird, Miami, Fla., Asst. U.S. Trustee.

### ORDER DENYING OBJECTION TO PLAN AND MOTION TO DISMISS CHAPTER 13 PETITION FOR LACK OF GOOD FAITH

A. JAY CRISTOL, Bankruptcy Judge.

THIS CAUSE came on to be heard upon the OBJECTION TO PLAN AND MOTION TO DISMISS CHAPTER 13 PETITION FOR LACK OF GOOD FAITH filed by Creditor, 107TH & 16TH SOUTH, LTD., and a Hearing was held before this Court on May 30, 1989 and the Court having heard argument of counsel and being otherwise advised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

107TH & 16TH SOUTH, LTD., ("107TH") was the landlord of premises rented to BIG BEAUTIFUL YOU, INC. ("BBY") at 1667 S.W. 107 Avenue, Miami, Florida. BBY is a corporation owned 50% each by the Debtors, PEDRO ESTALEL-LA, JR. and ELENA C. ESTALELLA. 107TH has a personal guarantee of the lease from ELENA C. ESTALELLA but not from PEDRO ESTALELLA, JR. BBY vacated the premises on or about March 1, 1989, and on March 15, 1989 107TH filed a lawsuit against BBY in the Circuit Court of Dade County for $61,955.20 and joined both PEDRO ESTALELLA, JR. and ELENA C. ESTALELLA as Defendants in said action. The $61,955.20 Claim for damages consisted of $6,320.80 rents and other charges due through March 1, 1989; $48,240.00 as the accelerated balance due under the lease, and $4,500.00 for alleged conversion or civil theft of electrical fixtures and air conditioning equipment by BBY, PEDRO ESTA-LELLA, JR. and ELENA C. ESTALELLA. At the May 30, 1989 Hearing, the Debtors denied the alleged conversion or civil theft but this issue is not before this Court at this time. The Debtors did not engage an attorney to defend this lawsuit and as a result the Clerk entered a default against Defendants, PEDRO ESTALELLA, JR. and ELENA C. ESTALELLA on April 19, 1989.

The Debtors reside in their home located at 1900 S.W. 87 Avenue, Miami, Florida and this home is subject to two mortgages, both of which are in default and subject to foreclosure actions. On April 21, 1989 the Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code, and their Chapter 13 Plan contained a provision to cure the default in the two mortgages pursuant to 11 U.S.C. § 1322(b)(5). 107TH alleged that the Debtors' petition should be dismissed as a bad faith filing because it was filed after 107TH had obtained a default, but before they were able to obtain a Judgment against the Debtors. If 107TH had been able to obtain a default Judgment against the Debtors a portion of the Judgment could possibly have been nondischargeable in Chapter 7, as representing damages for the alleged conversion/civil theft portion of the Complaint. 107TH alleged therefore that the "proposed Chapter 13 Plan seeks to discharge a debt that is nondischargeable in a Chapter 7 proceeding."

## CONCLUSIONS OF LAW

■ The Discharge provisions for Chapter 13 are contained in 11 U.S.C. § 1328. 5 Collier on Bankruptcy (15 ed. 1988) ¶ 1328.1 at page 1328–4 states:

The discharge available in Chapter 13 is broader than the Chapter 7 discharge in that certain debts not dischargeable in Chapter 7 are dischargeable in Chapter 13. Such debts include for example, debts for willful and intentional torts....

At page 1328–5, Collier states:

To date, most challenges to these broad provisions have concerned whether the presence of a debt which would not be dischargeable under Chapter 7 is evidence of lack of good faith in proposing a Chapter 13 Plan.... Generally, the Courts considering such issues have concluded that the presence of debts not dischargeable in Chapter 7 does not dictate a finding that the plan has not been filed in good faith....

In a very recent case, *In re Winthurst,* 97 B.R. 457 (B.Ct.C.D.Ill.1989), objections were filed to a Chapter 13 that sought to discharge a debt that was nondischargeable under Chapter 7. The Court found that the Plan was filed in good faith and confirmed the Plan. The Court stated on page 458 of the decision:

The courts have recognized that a discharge under Chapter 13 is broader than a discharge under Chapter 7, and that the Bankruptcy Code allows a discharge under Chapter 13 of a debt that is not dischargeable under Chapter 7.

This court recognizes and adopts this concept and therefore finds that the Debtors' Plan was not filed in bad faith because it sought to discharge a debt, a portion of which might be nondischargeable under Chapter 7.

■ At the Hearing on May 30, 1989, the attorney for 107TH also objected because

the wife, ELENA C. ESTALELLA, had no income to allocate to the Plan payment and that the entire Plan payment would be coming from the husband, PEDRO ESTALELLA, JR.

11 U.S.C. § 302 permits the filing of a single petition by an individual and such individual's spouse. 11 U.S.C. § 109(e) defines who may be a Debtor under Chapter 13 and states that this individual must be an "individual with regular income." 11 U.S.C. § 101 defines this phrase to mean an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a Plan under Chapter 13 of this title." The question raised by 107TH therefore is Does that mean that the regular income must come from *both* husband and wife? This question is discussed in 2 Collier on Bankruptcy (15 ed.1989) ¶ 302.03 at page 302–8 wherein it is stated:

> Title 11 nowhere imposes the "regular income" requirement on the "spouse" in a joint case under Chapter 13.

This Court agrees with Collier and finds that the requirement of regular income under 11 U.S.C. § 109(e) does not impose the requirement of "regular income" on such individual's spouse.

## CONCLUSION

The foregoing analysis leads the Court to the conclusion that the OBJECTION TO PLAN AND MOTION TO DISMISS CHAPTER 13 PETITION FOR LACK OF GOOD FAITH filed by 107TH is ill-founded and that the Chapter 13 petition of the Debtors was not filed in bad faith. It is therefore

ORDERED that the OBJECTION TO PLAN AND MOTION TO DISMISS CHAPTER 13 PETITION FOR LACK OF GOOD FAITH filed by 107TH & 16TH

1. In the objection, the Trustee prays that the Debtor's claim of exemption to his interest in

SOUTH, LTD., be and the same is hereby denied without prejudice.

DONE AND ORDERED.